UNITED STATE DISTRICT COURT OF ALABAMA
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD TYUS, as Personal ) | |
| Representative of the Estate of ) | |
| Geneva Jones Gibbons, deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:04cv1034-WKW |
| ) | |
| BAPTIST MEDICAL CENTER SOUTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Richard Tyus ("Tyus") brings this action as personal representative of the estate of Geneva Jones Gibbons, deceased, ("decedent") under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395dd ("EMTALA"). He alleges the defendants failed to provide the decedent, his mother, appropriate medical screening and ancillary services in the emergency room of Baptist Medical Center South ("Baptist"), resulting in her death after she left the emergency room. By amended complaint (Doc. #38), Tyus has abandoned all state law claims. His sole remaining claim arises under EMTALA against Baptist, and individual physicians Ronald A. Shaw, M.D. ("Shaw"), Julios Rios, M.D. ("Rios"), and James Bradwell, M.D. ("Bradwell")

The case is before the Court on the Motion to Dismiss (Doc. #10), Supplemental

Motion to Dismiss (Doc. #39), and Renewed Motion to Dismiss (Doc. #47) of defendants Shaw, Rios and Bradwell; and the Motion to Dismiss (Doc. #33), and both renewed Motions to Dismiss of Baptist (Docs. #40 & #48).  For reasons to be discussed, the motions will be granted.

## II.  MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.").  In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.  *Hishon*, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## III.  DISCUSSION

### A.  The Individual Defendants

Defendants Shaw, Rios and Bradwell move for dismissal of this action on the ground that EMTALA does not allow suits against individual defendants.  EMTALA

provides for a private cause of action against "participating hospitals," not individual physicians. *See* 42 U.S.C. § 1395dd(d)(2)(a); *see also LeBron v. Ashford Presbyterian Cmty. Hosp.,* 995 F. Supp. 241(D.P.R. 1998); *King v. Ahrens*, 16 F.2d 265 (8th Cir. 1994); *Lane v. Calhoun-Liberty County Hosp. Assn., Inc.*, 846 F. Supp. 1543 (N.D. Fla. 1994). Defendants Shaw, Rios and Bradwell are therefore due to be dismissed from this action.

### B. The Hospital Defendant

Tyus previously brought a state court action on behalf of the estate of decedent in the Circuit Court of Montgomery County, Alabama, against Baptist and others, arising out of the same incident involving the decedent.[1] Tyus did not assert an EMTALA claim. That action was dismissed in its entirety by summary judgment, which was affirmed on May 20, 2005, without opinion, by the Alabama Court of Civil Appeals. *See Alabama Court of Civil Appeals, docket #2030970*. Consequently, Baptist argues that the doctrine of *res judicata* bars this action.

When a federal court applies the doctrine of *res judicata*, it does so under the decisions of the relevant state court. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486 (11th Cir. 1985). The elements of *res judicata* in Alabama are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with

---

[1] *Richard Tyus, as Personal Representative of the Estate of Geneva Jones Gibbons, deceased, Plaintiff, v. Baptist Medical Center South, et al.*, CV 2003-1475. A copy of the state court complaint is attached as Exhibit A to the Renewed Motion To Dismiss on Behalf of Baptist Medical Center South (Doc #40).

substantial identity of parties, and (4) with the same causes of action presented in both suits." *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993). Clearly, the first three elements of *res judicata* have been met in this action. The dispute is over the fourth element.

To analyze whether the causes of action are the same in both suits, it is the duty of the Court to "look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in" the first cause of action. *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992) (citing cases). In *Manning,* the court wrote further:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same (citing cases). The test is one of substance, not form. *Res judicata* applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of facts.'

*Id.* at 1358-59 (internal citations omitted).

With the "operative nucleus of facts" of primary concern, a comparison of the state court complaint (Doc. #40, Ex. A) and the initial and amended complaints in this action (Docs #1 & #38 respectively) confirm that the operative facts are exactly the same. Though numbered differently, the factual allegations in the amended complaint in this case are nearly identical to the facts alleged in the state court action. Tyus seeks to advance the EMTALA claim relying upon *Harry v. Marchant, M.D.*, 291 F.3d 767 (11th

4

Cir. 2002), as authority concerning medical services to patients in emergency situations. While *Harry* addresses EMTALA generally, it has no bearing on the issue of *res judicata* presented here. The decedent's emergency room episode at Baptist is exactly the episode which was addressed in the prior state court action and which Tyus seeks to address in this Court; thus, the state court action and federal court action share a common nucleus of operative facts. *Res judicata* clearly bars reprosecution of that set of facts in this Court.

Baptist also claims the benefit of the *Rooker-Feldman* doctrine to preclude the instant action. Because the Court finds that the doctrine of *res judicata* is a complete bar, it is not necessary to address the *Rooker-Feldman* argument, except to point out that the plaintiff had "reasonable opportunity" to raise the EMTALA claim in state court. *See Sophocleus v. Alabama Dept. of Transp.,* 305 F.2d 1238, 1250 (M.D. Ala. 2004).

## IV.  CONCLUSION

Having concluded as a matter of law that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him to relief, it is hereby ORDERED that

1.   The Motion to Dismiss (Doc. #10), Supplemental Motion to Dismiss (Doc. #39), and Renewed Motion to Dismiss (Doc. #47) of Defendants Shaw, Rios and Bradwell are GRANTED;

2.   The Motion to Dismiss (Doc. #33) and both Renewed Motions to Dismiss of Baptist (Doc. #40 and 48) are GRANTED;

3. This action is DISMISSED with prejudice, costs taxed to Plaintiff;

4. A final judgment will be entered in accordance with this order.

Done this the 19th day of April, 2006.

                                      /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE